J-S68021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JANET WEARY | |
| Appellant | No. 3489 EDA 2013 |

Appeal from the Judgment of Sentence May 25, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008915-2008

BEFORE: ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 05, 2014**

Appellant Janet Weary contends in this direct appeal that her aggregate sentence of 23-46 years' imprisonment for third degree murder and conspiracy to commit murder is excessive.

We remand for further proceedings. The record is unclear as to whether Appellant filed timely post-sentence motions. A remand is necessary for the trial court to resolve this question, because the answer will determine whether we have jurisdiction to decide this appeal. If Appellant filed timely post-sentence motions, then we must quash this appeal as premature due to the lack of any order deciding the motions. If Appellant did not file post-sentence motions, her appeal is timely, and we will have jurisdiction to decide this appeal.

Appellant and her brother, Rufus Weary, were charged as co-defendants with murder[1], attempted murder[2], conspiracy[3], and reckless endangerment[4] in connection with the shooting death of David McCoy on November 1, 2007. While working as a drug dealer in the area of Harrison and Tackawana Streets in Philadelphia, Appellant told Rufus, also a drug dealer, that another drug dealer, Alan Reeder, was selling drugs at the same location. Appellant pointed out Reeder to Rufus Weary and McCoy. A gunfight ensued during which Rufus Weary shot and killed McCoy. The Commonwealth prosecuted Appellant and Rufus Weary for murder on a theory of transferred intent. N.T., 5/25/12, p. 12 (sentencing transcript).

Appellant and Rufus Weary were tried together in July 2009, but the court declared a mistrial in the middle of trial[5]. Prior to retrial, on May 5, 2010, Appellant pled guilty to third degree murder and conspiracy and agreed to testify at retrial against Rufus Weary. N.T., 5/25/12, p. 4[6]. During jury selection in Rufus Weary's May 2012 retrial, Appellant filed a *pro se* motion for permission to withdraw her guilty plea. *Id*., p. 12. The court denied the motion. *Id*., p. 13. Appellant was called to testify as a Commonwealth witness at Rufus Weary's trial, but she did not testify

[1] 18 Pa. C.S. § 2502.
[2] 18 Pa. C.S. § 903.
[3] 18 Pa. C.S. § 907.
[4] 18 Pa. C.S. § 2705.
[5] The certified record does not include the July 2009 trial transcript.
[6] The certified record does not include the May 5, 2010 guilty plea transcript.

consistent with the Commonwealth's expectations. *Id*., pp. 12-15. Instead, she proclaimed her innocence and insisted that Rufus Weary did not shoot McCoy. *Id*., pp. 13-14.

On May 25, 2012, the court sentenced Appellant to consecutive sentences of 15-30 years' imprisonment for third degree murder and 8-16 years' imprisonment for conspiracy, an aggregate of 23-46 years' imprisonment. *Id*., pp. 17-18.

It is unclear whether Appellant filed post-sentence motions. The trial court states in its Pa.R.A.P. 1925(a) opinion that trial counsel filed timely post-sentence motions on May 29, 2012. Trial Court opinion, p. 3 n. 8. No post-sentence motions, however, are in the certified record. Nor is there any order in the record granting or denying post-sentence motions. Nor does the trial court docket state that Appellant filed post-sentence motions or that the court decided the motions.

On June 22, 2012, Appellant filed a notice of appeal to this Court. She subsequently filed a Pa.R.A.P. 1925(b) statement in which she raised two issues: an objection to the trial court's refusal to permit her to withdraw her guilty plea prior to Rufus Weary's retrial[7], and an objection to the length of her sentence. Appellant articulated the latter issue as follows:

---

[7] Appellant did not present any argument on this issue in her brief on appeal.

> The trial court abused its discretion by imposing an aggregate sentence of 23 to 46 years on the charges of third degree murder and conspiracy to commit third degree murder in that the sentence was excessive and therefore unreasonable under the totality of the circumstances even though the sentences were within the guidelines range for each offense.

Brief For Appellant, p. 14.

At this juncture, we will not address this appeal on the merits. Because we are not sure that Appellant filed timely post-sentence motions, we are uncertain as to whether this appeal is timely. We explain briefly below.

When a criminal defendant files timely post-sentence motions[8], as the trial court says Appellant did here, the Rules of Criminal Procedure provide 120 days for the trial court to review the motions ("review period"). Pa.R.Crim.P. 720(B)(3)(a)[9]. If the court decides the motions during the review period, the defendant's appeal period begins running when the Clerk of Court enters the order deciding the motion. If the court fails to decide the motion within the review period, the motion is deemed denied, and the appeal period begins running when the Clerk of Court enters an order

---

[8] *See* Pa.R.Crim.P. 720(A)(1) (except in circumstances not relevant here, defendant must file written post-sentence motions no later than 10 days after imposition of sentence).

[9] During the review period, the court may, for good cause shown, grant one 30-day extension for additional review. Pa.R.Crim.P. 720(B)(3)(b).

denying the motion by operation of law. Pa.R.Crim.P. 720(A)(2)(b) & (B)(3)(b).

An appeal filed during the review period, but before disposition of timely post-sentence motions, should be quashed as premature. *Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa.Super.2013)[10]. On the other hand, when the defendant does not file post-sentence motions, or if she files untimely post-sentence motions, the judgment of sentence is final and appealable as of the date of sentencing, and she must appeal within thirty days after sentencing. *Id*. at 783 n. 1.

As we observed above, we are uncertain as to whether Appellant filed timely post-sentence motions. If she filed timely post-sentence motions, her appeal on June 22, 2012 -- long before expiration of the review period – must be quashed as premature. *Claffey*, *supra*. If she did not file timely post-sentence motions, her June 22, 2012 appeal is timely, and we may exercise jurisdiction over it.

To resolve whether Appellant's appeal is premature or timely, we remand this case to the trial court, and we instruct as follows:

---

[10] One exception to this rule occurs when (1) within 120 days after filing timely post-sentence motions, the defendant files an appeal, (2) she withdraws her post-sentence motions, and (3) the trial court enters an order memorializing the withdrawal of post-sentence motions. In these limited circumstances, we will entertain the appeal as having been filed on the date of entry of the memorialization order. *Claffey*, *supra*.

(1) If the trial court determines that Appellant filed timely post-sentence motions, the trial court shall enter an order ("Order")

>(a) identifying the date Appellant filed the post-sentence motions;
>
>(b) explaining the disposition of said motions or denying the motions by operation of law[11]; and
>
>(c) in accordance with Pa.R.A.P. 1926(b), directing the Clerk of Court to
>
>>(i) create a supplemental record containing the post-sentence motions and the Order,
>>
>>(ii) certify the supplemental record, and
>>
>>(iii) transmit it to this Court.
>
>(d) The Clerk of Court shall also enter the Order on the trial court's docket and forward the corrected docket to this Court.

(2) If the trial court determines that Appellant did not file timely post-sentence motions, the trial court shall enter a finding of fact ("Finding") that Appellant did not file timely post-sentence motions and file the Finding with

---

[11] If Appellant filed timely post-sentence motions, her premature appeal during the 120 day post-sentence motion review period did not toll this review period. **See** Pa.R.A.P. 1701(b)(6) (trial court may proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding filing of notice of appeal). Under these circumstances, the review period expired in late September 2012, and the post-sentence motions must be denied by operation of law.

the Clerk of Court. The Clerk of Court shall enter the Finding on the docket and forward the Finding to this Court.

(3) All proceedings in the above paragraphs shall be completed within 30 days after the filing of this memorandum.

(4) Upon the completion of these steps, this Court will determine whether to quash this appeal or exercise jurisdiction over it[12].

Case remanded for further proceedings in accordance with this memorandum. Jurisdiction retained[13].

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2014

---

[12] If the trial court enters the Order defined above, we will likely quash the June 22, 2012 appeal. Thus, Appellant should consider filing a new notice of appeal within 30 days after the docketing of the Order.

[13] We do not use the term "jurisdiction retained" to suggest that we ultimately will decide that we have jurisdiction over this appeal. We merely use this term to signify that we continue to retain this appeal on our docket pending our decision as to whether we actually have jurisdiction.